CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
11/30/2017
JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| **LUCINDA SMALL**, individually, and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **VISTA CLINICAL DIAGNOSTICS, LLC,** <br><br> Defendant. | Case No. 4:17-cv-00081 |

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **LUCINDA SMALL**, (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, **JTB LAW GROUP LLC** and **GOLDBERG & FINNEGAN, LLC**, files this Collective Action Complaint against Defendant, **VISTA CLINICAL DIAGNOSTICS, LLC**, (hereinafter referred to as "Defendant") and states as follows:

### INTRODUCTION

1. Plaintiff brings this collective action, individually and on behalf of all other similarly situated Phlebotomists who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to recover (i) unpaid wages from Defendant for overtime work for which she did not receive overtime pay, as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b), (iii) declaratory relief pursuant to 28 U.S.C. § 2201 and (iv) attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) as a result of Defendants' willful violations of the FLSA, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. §§ 516, *et seq.*

2. Defendant violated the FLSA overtime requirement by paying Plaintiff a piece rate for each successful phlebotomy draw without paying any additional premium pay for hours worked in excess of forty (40) hours in a workweek.

3. As a result, there were many weeks in which Plaintiff worked in excess of forty (40) hours in a workweek without being paid any overtime premium at a rate not less than one and one half (1.5) times of Plaintiff's regular rate of pay, in violation of the FLSA.

4. Defendant improperly classified Plaintiff as an independent contractor to avoid the FLSA's overtime requirements despite the fact Defendant employed Plaintiff.

5. Plaintiff brings this collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf all Phlebotomists that Defendant paid per draw without any premium pay for work performed in excess of forty (40) hours in a workweek within the period of three years prior to the commencement of this action through the date of judgment.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under the FLSA, 29 U.S.C. § 201, *et seq.*

7. The Court has personal jurisdiction over Defendant because it conducted business in Virginia and the acts and omissions that form the basis of the lawsuit occurred within this District.

8. Venue is proper in the Western District of Virginia pursuant to 28 U.S.C. § 1391(b)(2) because Defendant employed Plaintiff in this district, maintains an office in this district, and because a substantial portion of the events or omissions that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

### Defendant

9. Defendant Vista Clinical Diagnostics, LLC ("Vista") is a limited liability company incorporated in the state of Florida with headquarters located at 4290 S. Hwy 27, Ste. 201, Clermont, FL 34711.

10. Vista's current clinical services include pathology and a variety of blood tests.

11. Vista recently expanded collection territory to include South Carolina, Virginia, Maryland, and Indiana, boasting skilled nursing facilities in the region all of which send their lab tests to their newest laboratory in Danville, Virginia. Currently, Vista is contracted with over 150 skilled nursing homes throughout Florida and services over 200 assisted living facilities.

12. Vista hires Phlebotomists to provide phlebotomy services for Defendants' clients.

13. Vista classifies some Phlebotomists as employees and others as independent contractors.

### Plaintiff

14. Plaintiff Lucinda Small is a resident of Craigsville, VA

15. Plaintiff worked for Defendant as a Phlebotomist from approximately February 1, 2016 to August 22, 2017.

16. Plaintiff mainly worked in Danville, VA and surrounding areas in Virginia throughout her employment with Defendant.

17. Plaintiff signed a consent form to join this lawsuit, which is attached as *Exhibit 1*.

### FLSA Coverage

18. At all relevant times, Plaintiff was Defendant's "employee" within the meaning of the FLSA.

3

19. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

20. At all relevant times, Defendant was and continues to be an "employer" within the meaning of the FLSA.

21. At all relevant times, Defendant was and continues to be "an enterprise engaged in commerce" within the meaning of the FLSA.

22. At all relevant times, Defendant was and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

23. At all relevant times, the annual gross revenues of Defendant were in excess of $500,000.00 per annum.

24. At all relevant times, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

25. At all relevant times, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

## FACTUAL ALLEGATIONS

26. Defendant operates a full service clinical laboratory throughout Florida and Virginia whereby Defendant collects clinical specimens and provides same day test results to clients.

27. Defendant offers a variety of clinical services including a mobile service. Through Vista Mobile Services (VMS), a phlebotomist will travel to patients' homes or offices for on-site collection and immediate delivery to the laboratory. In connection with this business, Defendant provides mobile service for clients who have transportation issues and directs Phlebotomist visits to their homes for their convenience.

4

28.     Phlebotomy duties include drawing blood from patients, preparing patients accordingly, withdrawing blood into containers or tubes, timely collection of specimens, delivering specimens to Defendant's lab, and monitoring the progress of the test results.

29.     Plaintiff worked for Defendant as a Phlebotomist.

30.     Plaintiff signed a document titled, "Independent Contractor Agreement" that states in the Addendum that phlebotomy services are to be performed 24 hours, seven days a week.

31.     During her employment for Defendant, Plaintiff worked scheduled shifts for "Routine Draws" from 2AM to 8AM and again a second shift from 2PM to 6PM, Monday through Friday. Plaintiff worked an additional scheduled shift Saturday mornings from 2AM to 8AM.

32.     Plaintiff was regularly scheduled to work approximately 56 hours per week while employed with Defendant.

33.     Outside of those scheduled shifts, Plaintiff worked on-call shifts for "Stat Draws" from 8AM to 2PM and again from 6PM to 2AM, Monday through Friday.

34.     In addition, Plaintiff had additional on-call shifts from 8AM to 12AM on Saturdays and all day on Sundays.

35.     Plaintiff's duties providing phlebotomy services during her scheduled routine shifts were no different from her duties during her on-call shifts.

36.     Plaintiff was assigned to five assisted living facilities during her scheduled shifts and as many as ten to fifteen assisted living facilities during her on-call shifts.

37.     Plaintiff was required to provide her own personal vehicle and made weekly trips to pick up and deliver clinical specimens to six different lab facilities in Virginia.

5

38. Plaintiff would sometimes drive up to 120 miles on any given day.

39. Plaintiff documented her own time and submitted bi-weekly timesheets using Defendant's timekeeping system.

40. Phlebotomists are paid a piece rate for each successful draw.

41. Phlebotomists are paid per mile for some miles driven.

42. Defendant failed to pay Plaintiff any overtime premium at a rate not less than one and one half (1.5) times of Plaintiff's regular rate of pay for hours worked overtime in excess of forty (40) hours in a workweek as required under the FLSA.

43. Defendant's policies and practices deprived Plaintiff a premium rate while working overtime as required under the FLSA.

44. In determining whether an actor is an employee or independent contractor, the Fourth Circuit applies a six-factor test to determine whether the worker is an employee or an independent contractor, based on "economic reality" and these factors are:

> (1) degree of control that putative employer has over manner in which work is performed, (2) worker's opportunities for profit or loss dependent on her managerial skill, (3) worker's investment in equipment or material or her employment of other workers, (4) degree of skill required for work, (5) permanence of working relationship, and (6) degree to which services rendered are integral part of putative employer's business'; no single factor is dispositive, as the test is designed to capture economic realities of relationship between worker and putative employer. *Montoya v. S.C.C.P. Painting Contractors, Inc.*, 589 F. Supp. 2d 569 (D. Md. 2008).

45. Based on these factors Defendant misclassified Plaintiff and other similar Phlebotomists as independent contractors. Plaintiff and other similar Phlebotomists:

   a. were required by Defendant to perform their job in a particular manner as to when and where to perform the work;

   b. were economically dependent on Defendant;

6

    c. have or had an ongoing relationship with the employer;

    d. assisted Defendant in carrying out their principal business;

    e. were not required to make any substantial financial investment in Defendant's facility;

    f. were not required to provide any job specific equipment in their employment, because Defendant supplied all of the necessary materials for their work, such as centrifuges, hypodermic needles, paperwork, medical waste containers, etc.;

    g. received all assignments from Defendant;

    h. at any time could be terminated by the Defendant; and

    i. were unable to enhance/increase their wages.

46. Defendant's failure to pay Phlebotomists any overtime premium at a rate not less than one and one half (1.5) times of their regular rate of pay for hours worked overtime in excess of forty (40) hours in a workweek as required under the FLSA was knowing and willful.

47. Defendant knew that its policies resulted in Phlebotomists not being paid an overtime premium rate for time spent working overtime.

48. Defendants' failure to pay Phlebotomists the overtime premium rate for hours worked overtime was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

## COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff re-alleges and incorporates all previous paragraphs herein.

50. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> *All Phlebotomists who were paid by draw and who worked for Defendant at any time within the period of three years prior to the commencement of this action and the date of judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

51. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are performing the same or similar job duties as one another in that they provided phlebotomy services on behalf of Defendant; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

52. Members of the FLSA Collective are all non-exempt employees of Defendant

53. At least some members of the FLSA Collective were improperly classified as independent contractors by Defendant.

54. Defendant failed to compensate members of the FLSA Collective at an overtime premium rate of not less than one and one half (1.5) times of their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

55. Defendant's failure to compensate Plaintiff properly results from a policy or practice applicable to all members of the FLSA Collective who work(ed) in similar positions.

56. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices

which resulted in not being paid the overtime premium rate for overtime hours worked applies to non-exempt Phlebotomists and continues to apply to all members of the FLSA Collective.

57.     Plaintiff estimates the FLSA Collective, including other similarly situated Phlebotomists over the relevant period, will include approximately fifty members. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

## COUNT I
### (Individual Claim)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
### FAILURE TO PAY OVERTIME

58.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

59.     29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

60.     29 U.S.C. § 207(g)(1) provides:

> (1) In the case of an employee employed at piece rates, [overtime] is computed at piece rates not less than one and one-half times the bona fide piece rates applicable to the same work when performed during nonovertime hours;

61.     29 C.F.R. 778.418(a) provides:

> Under section 7(g)(1), an employee who is paid on the basis of a piece rate for the work performed during nonovertime hours may agree with his employer in advance of the performance of the work that he shall be paid at a rate not less than one and one-half times this piece rate for each piece produced during the overtime hours.

9

62. Plaintiff regularly worked over forty (40) hours a week as required by Defendant.

63. At all times relevant to this action, Defendant failed to pay any overtime premium at a rate not less than one and one half (1.5) times of Plaintiff's regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

63. Defendant did not pay Plaintiff any overtime compensation at the premium rate for the hours she worked while misclassified as an independent contractor.

64. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

65. As a result of the foregoing, Plaintiff was illegally denied proper compensation and overtime compensation earned at the premium rate, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (Collective Action Claim)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
### FAILURE TO PAY OVERTIME

66. Plaintiff re-alleges and incorporates all previous paragraphs herein.

67. Defendant required Phlebotomists including Plaintiff to work hours in excess of forty (40) per week.

68. At all times relevant to this action, Defendant failed to pay any overtime premium at a rate not less than one and one half (1.5) times of the FLSA Collective members' regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

69. Defendant failed to pay members of the FLSA Collective any overtime compensation at the premium rate for the hours they worked.

70. Defendant's conduct and practices, described herein, were willful, intentional,

unreasonably, arbitrary, and in bad faith.

71. As a result of the foregoing, members of the FLSA Collective were illegally denied proper compensation and overtime compensation earned at the premium rate, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Lucinda Small, on behalf of herself and all other similarly situated Phlebotomists, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Phlebotomists and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all Phlebotomists, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

b. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all other Maintenance Workers and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

c. An order directing Defendant, at its expense, to investigate and account for the number of hours worked by Plaintiff and all Phlebotomists who opt-in to this

action;

d. An award for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*;

e. An award for liquidated damages as a result of the Defendant's failure to pay wages and overtime compensation pursuant to the FLSA, 29 U.S.C. §§ 201, et seq., and attendant regulations at 29 C.F.R. §§ 516, et seq., in an amount equal to all unpaid overtime compensation owed to all Phlebotomists including during the applicable statutory period;

f. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

g. Judgment for any and all civil penalties to which Plaintiff may be entitled;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

i. An incentive award for the Plaintiff pursuant to the FLSA; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, Lucinda Small, individually and on behalf of all other similarly situated Phlebotomists, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

RESPECTFULLY SUBMITTED,

Dated: November 14, 2017     By:   /Curtis Daniel Cannon
Curtis Daniel Cannon #73711
**GOLDBERG FINNEGAN, LLC**
8401 Colesville Rd Suite 630
Silver Spring, MD 20910
T: +1 (301) 589-2999
F: +1 (301) 589-2644 (Fax)
ccannon@GoldbergFinnegan.com

*Local Counsel for Plaintiff*

Alexander Imel (will seek admission *pro hac vice*)
Jason T. Brown (will seek admission *pro hac vice*)
**JTB LAW GROUP, LLC**
155 2nd St., Suite 4
Jersey City, NJ 07302
T: (877) 561-0000
F: (855) 582-5297
alec.imel@jtblawgroup.com

*Lead Counsel for Plaintiff*